# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60548
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

BESSY ASTRID LOVO-SIGUENZA,

Petitioner

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 084 159

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Bessy Astrid Lovo-Siguenza, a native and citizen of El Salvador, has petitioned for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) order of removal. The BIA reasoned that Lovo-Siguenza was statutorily barred from seeking asylum because her request was untimely and, alternatively, she did not establish that her proposed particular social group was cognizable. The BIA also determined

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Lovo-Siguenza failed to make the appropriate showing for withholding of removal or relief under the Convention Against Torture (CAT).

Because the BIA approved of and considered the IJ's findings, the BIA's and IJ's decisions both are reviewable. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under the substantial evidence standard, Lovo-Siguenza must establish that the evidence supporting her position is so compelling that no reasonable factfinder could conclude against it. *Id*. at 537.

Lovo-Siguenza asserts that the BIA wrongly determined that she did not present a cognizable social group for purposes of her asylum request. However, she does not contest the conclusion that her asylum application was untimely. Because she has not briefed any argument as to the timeliness of her asylum request, she has abandoned any challenge to an independent and valid ground on which that request was denied. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); 8 U.S.C. § 1158(a)(2).

Similarly, Lovo-Siguenza does not challenge the denial of her request for protection under CAT. Thus, she has abandoned any argument as to this issue. *See Soadjede*, 324 F.3d at 833.

Lovo-Siguenza maintains that she is entitled to withholding of removal due to her membership in the particular social group of physically and sexually abused wives of gang members. She contends that the group shares a common immutable characteristic of being married to gang members and that the abuse that she suffered was attributable to that spousal relationship. She notes that, if she returns to El Salvador, she will be killed by gang members as an example to other women in abusive relationships who sought to escape.

Substantial evidence supports the BIA's conclusion that Lovo-Siguenza did not establish that she was a member of a cognizable particular social group. *See Wang*, 569 F.3d at 537. Seemingly, the group is improperly defined by the

No. 18-60548

persecutory conduct aimed at its members. *See Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). In any event, the group lacks the necessary social visibility or particularity. *See id.* Lovo-Siguenza has not established that physically and sexually abused wives of gang members constitutes a discernable group, is viewed as a distinct group in El Salvador, or otherwise is perceived as significant in Salvadoran society. *See id.* Furthermore, she has not shown that the terms used to define the group provide a clear benchmark for determining who is within the group or that people who meet the criteria constitute a discrete social group, i.e., the group lacks the distinguishing characteristics or descriptive traits that would easily identify persons as group members and define the pertinent boundaries. *See id.* Thus, the record does not compel a conclusion contrary to the BIA as to whether she was entitled to withholding of removal. *See Wang*, 569 F.3d at 537.

Accordingly, the petition for review is DENIED.